IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| BRANDON R. CAMPBELL, | * | |
| | * | CHAPTER 7 |
| DEBTOR. | * | |
| | * | CASE NO. 22-58475-JWC |
| | * | |
| | * | JUDGE: JEFFERY W. CAVENDER |
| INDEPENDENT BANK, | * | |
| | * | CONTESTED MATTER |
| Movant. | * | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that **Independent Bank ("Movant")** has filed a motion and related papers with the Court seeking an order lifting the automatic stay.

**PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: toll-free number: 833-568-8864; meeting id 160 459-5648, at 10:00 A.M. on December 1, 2022 in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: November____, 2022.

                                                LEE & McALLISTER, P.C.
                                                By:/s/ H. Owen Lee
                                                Attorneys for Movant
                                                State Bar No. 443345

P. O. Box 1676
Columbus, Georgia 31902
(706) 576-5152
howenlee@lmlawoffice.net

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BRANDON R. CAMPBELL, | * | |
| | * | CHAPTER 7 |
| DEBTOR. | * | |
| | * | CASE NO. 22-58475-JWC |
| _____ | * | |
| | * | JUDGE: JEFFERY W. CAVENDER |
| INDEPENDENT BANK, | * | |
| | * | CONTESTED MATTER |
| Movant. | * | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVER OF 30-DAY REQUIREMENT OF 11 U.S.C § 362(e)

COMES NOW INDEPENDENT BANK ("Movant"), by and through its counsel, Lee & McAllister, P.C., and pursuant to 11 U.S.C. §362(d), moves this Court for an Order for Relief from the Automatic Stay and respectfully shows the Court as follows:

1.

Brandon Robert Campbell (herein the "Debtor") filed for relief under Chapter 7 of the United States Bankruptcy Code on October 21, 202. Debtor is subject to the jurisdiction of this Court by virtue of filing his Chapter 7 case.

2.

Among the assets of the Debtor's estate, is certain personal property identified as a 2014 Maserati Ghibli, VIN: ZAM57RTA5E1087370 (the "Maserati"). On August 2, 20122 Debtor executed and delivered to Movant a Retail Installment Sale Contract ("Contract") in the original principal amount of $34,842.52. The Contract is secured by a perfected and valid security interest in the Nissan and evidenced by the Certificate of Title (the "Title") for the Maserati. Movant, upon information and belief, states that its lien constitutes the only lien on the Maserati. True and correct copies of the Contract and the Title for the Nissan are attached hereto and incorporated herein.

3.

The principal balance of the Contract as of November 3, 2021 is $30,400.82, and there is 328.5741 in accrued interest, as well as charges of $61.10 for late fees, respectively for a total amount due of $30,823.35, but prior to any allowable assessment of attorney's fees and collection costs as permitted by the Contract. Therefor, this total amount may not be used as an exact payoff for the Contract. Interest continues to accrue at the daily rate factor of $7.89.

4.

The Contract is past due for all or part of two (2) required monthly payments, specifically the payments for September and October, 2022 in the amount of $1,282.92 .Therefore, the Debtor has failed to preserve Movant's rights regarding the Contract and the Maserati and Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362 (d)(1) for cause, including lack of adequate protection, so that Movant may take all actions against the Contract to protect and realize the value of its interests in the

1

Maserati. The Contract's status is affirmed in the Affidavit of Richard Terry, Bankruptcy Analyst for Movant filed herewith, and its averments are incorporated herein by this reference.

5.

Movant avers that that IB's approximate value for the Nissan is $19,075.00 and is calculated by the average of the Nissan's clean retail ($20,900.00) and the average retail ($17,250.00) Black Book values as of November 3, 2022. Said values are shown on Exhibit "A" attached hereto, and further states that based on the above Contract balance there is no equity for the Debtor in the Maserati and the Maserati is not necessary to the effective reorganization of the Debtor. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2), and the Trustee's interest in the Maserati should be abandoned. Movant avers there is no additional property securing the Contract. Further, The Debtor's Statement of Intention indicates the Maserati will be surrendered.

6.

Under the circumstances of this matter, Movant is further entitled to the entry of an order holding that the 14-day stay provisions of Bankruptcy Rule 4001(a)(3) are waived or otherwise held inapplicable as to Movant, so that Movant may immediately proceed to enforce any order granting this Motion.

7.

Movant hereby waives the requirement, pursuant to 11 U.S.C. §362(e), that a hearing be held on this Motion within thirty (30) days of the filing of this Motion.

WHEREFORE, Movant prays that:

(a) The Court grant Movant Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d) and that the Debtor be ordered to immediately surrender the Maserati to the Movant;

(b) Movant be permitted to take any and all actions against the Maserati, including, if necessary, the continuation or commencement of possession and/or liquidation actions regarding the Maserati as permitted under the Contract and/or its collateral documents (including any notification requirements pursuant thereto), as well as federal and applicable state law;

(c) Any sales proceeds received for the Maserati in excess of those owed to Movant under the terms of the Contract shall be remitted to the Chapter 7 Trustee for the benefit of the Debtor's Chapter 7 estate. In the alternative, if the proceeds of the sale of the Maserati result in a deficiency balance for the Contract, Movant shall be permitted to file a proof of claim if applicable to this case matter, or required, to indicate such deficiency as an unsecured non-priority claim;

(d) The Court enter an order that is effective and enforceable immediately upon entry and not subject to the 14-day stay provisions of Bankruptcy Rule 4001(a)(3); and

(e) the Court grant such additional and further relief as the Court deems just and equitable.

This ___11th___ day of November, 2022.

> Respectfully submitted,\
> LEE & McALLISTER, P.C.
> By: /s/H. Owen Lee
> H. Owen Lee
> State Bar No. 443345

LEE & McALLISTER, P.C.
Attorneys for Movant
P. O. Box 1676
Columbus, Georgia 31902
(706) 576-5152
howenlee@lmlawoffice.net

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

BRANDON R. CAMPBELL,

DEBTOR.

CHAPTER 7

CASE NO. 22-58475-JWC

JUDGE: JEFFERY W. CAVENDER

INDEPENDENT BANK,

Movant.

CONTESTED MATTER

## AFFIDAVIT OF RICHARD TERRY

SHELBY COUNTY
STATE OF TENNESSEE

Personally appeared before the undersigned officer, Richard Terry, who after being first duly sworn, deposes and says under oath as follows:

1.

My name is Richard Terry, and I am a Bankruptcy Analyst with Independent Bank ("IB"). I am authorized to execute this Affidavit on behalf of IB. I make this Affidavit on the basis of my personal knowledge and on the basis of the business records of IB relating to the loan accounts of Brandon R. Campbell (the "Debtor"). I have professional and personal knowledge regarding all of the loan accounts, statements and payment history of the Debtor pertaining to IB.

2.

I am the custodian of the records relating to the loan accounts for the Debtor, which are maintained by IB during all times relevant through and including the petition date for this case of October 21, 2022 and IB's Motion for Relief from the Automatic Stay ("Motion") filed contemporaneously herewith. The documents or exhibits attached to the Motion are true and correct copies of the records and account information which are made, maintained and/or generated by IB in the regular course of business. I know of my own personal knowledge it is the regular course of business for IB to make, maintain and generate such records and/or information relating to its loan accounts. These records are made at both the time the transactions referred to in the records are entered into and all times reasonable thereafter.

3.

IB's claim in this case is represented by a Retail Installment Sale Contract executed by the Debtor, on or about August 2, 2021 (the "Contract") and payable to IB. The Contract in the original

1

principal amount of $34,843.52 has an outstanding amount due, including the principal balance, unpaid interest, and late charges of $30,823.35, as of November 3, 2022. This amount may not be used, however, as an exact payoff. The Contract's payments are due monthly on the 16th and the Contract is secured by certain property of the Debtor identified as a 2014 Maserati Ghibli, VIN: ZAM57RTA5E1087370 (the "Maserati"). The filed Statement of Intention indicates that the Debtor intends to surrender the Maserati.

4.

The Contract is presently past due in the amount of $1,282.92. The past due amount is represented by two (2) monthly payments, specifically Debtor's September, 2022 and October, 2022 Contract payments. IB's approximate value for the Nissan is $19,075.00 and is calculated by the average of the Nissan's clean retail ($20,900.00) and the average retail ($17,250.00) Black Book values as of November 3, 2022. Said values are shown on Exhibit "A" to the Motion.

5.

This Affidavit reaffirms the recitals in the Motion and reflects the status of the Debtor and/or the Contract as of the execution of this affidavit, this 3rd day of November, 2022.

*Richard Terry*

Richard Terry, Bankruptcy Analyst
Independent Bank

Sworn to and subscribed before me,
this __10th__ day of November, 2022.

_____
Notary Public
My Commission Expires: __3/11/2026__

(Notarial Seal)
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY
COMMISSION EXPIRES 3-11-2026

## LAW 553-GA-ARB-eps 4/20

### RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| BRANDON ROBERT CAMPBELL<br>2765 WENDY LN<br>MARIETTA, GA 30062<br>County: COBB | | CARXOOM<br>875 S COBB DR<br>MARIETTA, GA 30060 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2014 | MASERATI GHIBLI | ZAM57RTA5E1087370 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 2,000.00 is |
|---|---|---|---|---|
| 7.89 % | $ 9,143.00 | $ 34,842.52 | $ 43,985.52 | $ 45,985.52 |

(e) means an estimate

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 610.91 | MONTHLY beginning 09/16/2021 |
| | $ | |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __50.00__ or __5__ % of the part of the payment that is late, whichever is less.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Returned Check Charge:** You agree to pay a charge equal to the greater of $30 or 5% of the check amount if any check you give us is dishonored and we make written demand that you do so.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If the goods or services are obtained primarily for business or agricultural use, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract, unless the law allows it.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ __N/A__ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _[signature]_                Co-Buyer Signs X _____ N/A _____

Buyer Signs X _[signature]_  Co-Buyer Signs X _____ N/A _____

LAW 553-GA-ARB-eps 4/20 v1   Page 1 of 5

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including taxes of $ 1,981.52 ) ..................... $ 30,976.52 (1)

2. Total Downpayment =
   Trade-in _____ N/A _____
          (Year)  (Make)  (Model)

   | | |
   |---|---|
   | Gross Trade-In Allowance | $ N/A |
   | Less Pay Off Made By Seller to _____ | $ N/A |
   | Equals Net Trade In | $ N/A |
   | + Cash | $ 2,000.00 |
   | + Other _____ | $ N/A |
   | + Other N/A | $ N/A |
   | + Other N/A | $ N/A |

   (If total downpayment is negative, enter "0" and see 4I below)     $ 2,000.00 (2)

3. Unpaid Balance of Cash Price (1 minus 2) ..................... $ 28,976.52 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life           $ N/A
      Disability     $ N/A                                            $ N/A
   B. Vendor's Single Interest Insurance Paid to Insurance Company    $ N/A
   C. Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   D. Optional Gap Contract                                           $ N/A
   E. Official Fees Paid to Government Agencies
      to N/A       for N/A                                            $ N/A
      to N/A       for N/A                                            $ N/A
      to N/A       for N/A                                            $ N/A
   F. Government Taxes Not Included in Cash Price                     $ N/A
   G. Government License and/or Registration Fees
      N/A
      N/A                                                             $ N/A
   H. Government Certificate of Title Fees                            $ 38.00
   I. Other Charges (Seller must identify who is paid and describe purpose.)

      | to | for | $ |
      |---|---|---|
      | to N/A | for Prior Credit or Lease Balance | $ N/A |
      | to INTEGRITY | for Service Contract | $ 4,800.00 |
      | to CARXOOM | for Document Prep Fee | $ 695.00 |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |
      | to N/A | for ETR | $ 333.00 |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |
      | to N/A | for N/A | $ N/A |

   Total Other Charges and Amounts Paid to Others on Your Behalf      $ 5,866.00 (4)

5. Amount Financed (3 + 4)                                            $ 34,842.52 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____ , Year _____ . SELLER'S INITIALS _____

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ N/A _____ Mos. _____ N/A _____
                              Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X [signature] _____ N/A _____

Buyer Signs X [signature] _____ Co-Buyer Signs X _____ N/A _____

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Georgia. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Insurance**

☐ Credit Life:      ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability: ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
Credit Life $ _____ N/A _____
Credit Disability $ _____ N/A _____

Insurance Company Name _____
N/A

Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ _____
   Type of Insurance      Term

Premium $ _____ N/A _____
Insurance Company Name _____

Home Office Address _____

☐ _____
   Type of Insurance      Term

Premium $ _____ N/A _____
Insurance Company Name _____

Home Office Address _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____ N/A _____
Buyer Signature                    Date

X _____ N/A _____
Co-Buyer Signature                 Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

LAW 553-GA-ARB-eps 4/20 v1    Page 2 of 5

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.**
      You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information during credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay 15% of the amount you owe as attorney's fees, plus court costs. We will charge only attorney's fees and court costs the law permits.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

Buyer Signs X _____ Co-Buyer Signs X _____ N/A _____

LAW 553-GA-ARB-eps 4/20 v1    Page 3 of 5

4. **WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **APPLICABLE LAW**
Federal law and the law of the state of Georgia apply to this contract.

---

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind.

---



Buyer Signs X _____ Co-Buyer Signs X _____ N/A _____

LAW 553-GA-ARB-eps 4/20 v1   Page 4 of 5

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.

Buyer Signs **X** _____ Co-Buyer Signs **X** _____ N/A _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**NOTICE TO THE BUYER:** Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs **X** _____ Date **08/02/2021** Co-Buyer Signs **X** _____ N/A _____ Date _____
Buyer Printed Name **BRANDON ROBERT CAMPBELL**                  Co-Buyer Printed Name _____ N/A _____

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _____ Title _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X** _____ Date _____ Address _____
Seller signs **CARXOOM** _____ Date **08/02/2021** By **X** _____

Seller assigns its interest in this contract to **INDEPENDENT BANK**
☐ Assigned with recourse     (Assignee) under the terms of Seller's agreement(s) with Assignee.
Seller **CARXOOM**           ☒ Assigned without recourse
By **X** _____                                    ☐ Assigned with limited recourse
                                                              Title _____

**LAW** FORM NO. 553-GA-ARB-eps (REV. 4/20)
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

LAW 553-GA-ARB-eps 4/20 v1   Page 5 of 5

MV-1 (Revised 6-2020)



# Georgia Department of Revenue - Motor Vehicle Division
## Form MV-1 Motor Vehicle Title Application
For instructions on how to complete this form see page 2.

### A  VEHICLE INFORMATION

Vehicle ID (VIN): ZAM57RTA5E1087370
Make: MASERATI
Model: GHIBLI
Body Style: 4DR
Odometer Exceptions: ☐ EXEMPT ☐ Exceeds Mechanical Limits of Odometer ☐ Not the Actual Mileage, Warning Odometer Discrepancy
Odometer Reading: 53207

Current Title #: ___
Current Title's State of Issue: ___
GA County of Residence: COBB
District #: ___
Date Purchased: 07/31/2021

Year: 2014
Color: SILVER
Cylinders: 6
Fuel Type: G

**COMPLETE FOR ALL COMMERCIAL VEHICLES**

Gross Vehicle Weight & Load: ___
Type of Trailer Pulled: ___
Product Hauled: ___

Straight Truck? ☐ Yes ☐ No
Used for Hire? ☐ Yes ☐ No
Is this a Farm Vehicle? ☐ Yes ☐ No

### B  OWNER INFORMATION

Number of Owners: 1
Leased Vehicle: ☒ No ☐ Yes (If yes, complete Section D)
If purchased from an out-of-state business, did you pick up the vehicle out of state? ☐ Yes ☐ No

*Owner's signature below warrants: I do solemnly swear or affirm under criminal penalty of a felony for fraudulent use of a false or fictitious name or address or for making a material false statement punishable by fine up to $5,000 or by imprisonment of up to five years, or both that the statements contained herein are true and accurate.

**OWNER # 1**
Full Legal Name: BRANDON ROBERT CAMPBELL
Date of Birth: 05/16/1988    E-mail Address: ___
Business Name: ___
Address: 2765 WENDY LN MARIETTA, GA 30062
Mailing Address: ___
Driver's License #: ___  State: GA
Phone #: ___
Name of Agent: ___
*Signature of Owner 1 or Business Agent: [signed]    Date: 07/31/2021

**OWNER # 2**
Full Legal Name: ___
Date of Birth: ___  E-mail Address: ___
Business Name: ___
Address: ___
Mailing Address: ___
Driver's License #: ___  State: ___
Phone #: ___
Name of Agent: ___
*Signature of Owner 2 or Business Agent: ___    Date: ___

### C  SELLER INFORMATION

GA Dealer's/Bank's 12-Digit Customer ID # (If applicable):
[1][0][0][7][3][5][8][0][6][4][6][4]
Seller's GA Sales Tax #: [ ][ ][ ][ ][ ][ ][ ][ ][ ]
Full Legal Name or Business Name and Address:
CARXOOM
875 S COBB DR
MARIETTA, GA 30060
If Georgia Seller, County Name: COBB
Directly Financed Dealer Sale: ☐ Yes ☒ No

### D  LESSEE INFORMATION

Driver's License # (If individual): ___
Lessee's Full Legal Name & Address or Business Lessee's Full Name & Address: ___
Lessee's GA County Name: ___
Lessee's Phone Number: ___

### E  SECURITY INTEREST OR LIENHOLDER INFORMATION - Attach any information on additional lienholders.

12-Digit ELT ID #: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   Name: INDEPENDENT BANK
Address: 5050 POPLAR AVE SUITE 110 MEMPHIS, TN 38157
12-Digit ELT ID #: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   Name: ___
Address: ___

### F  ATTORNEY-IN-FACT INFORMATION - Attach original Power of Attorney if title is to be mailed to attorney in fact.

Name: ___
Mailing Address: ___
Phone Number: ___    E-mail Address: ___

11/3/22, 10:46 AM

Black Book Print Vehicle

**Contact Information**　　　　　　　　　　　　　11/3/2022

Company: Independent Bank　　　　　　Telephone: 901-844-0437
Contact: Brown Dudley　　　　　　　　　　　　Fax: 901-844-0393
E-Mail: Brown@i-bankonline.com

**Notes**

**Vehicle Info For 2014 Maserati Ghibli S Q4 4D Sedan AWD**

MSRP: $76,900　　　　　　VIN: ZAM57RTA5E1087370　　Adj. State: National
Loan Value: $17,500　　　UVC: 2014016004　　　　　　Mileage: -1
Equip Ret: $78,150　　　　MPG: —/—　　　　　　　　Mileage Cat: F
Tire Size: 275/40R19　　　Weight: 4124　　　　　　Cylinders: 6
Base HP:　　　　　　　　Fuel Type: Gas　　　　　　Transmission:
Taxable HP: 34.1　　　　Wheelbase: 118.0　　　　Drive Train: AWD
Model Number: SQ4　　　End of Term　　　　　　End of Term
　　　　　　　　　　　　Months: 0　　　　　　　Mileage: 0
Price Includes:

**Wholesale Black Book values as of 11/3/2022**

|  | X-CL | Clean | Average | Rough |
|---|---|---|---|---|
| Base | $18,525 | $16,525 | $13,825 | $11,200 |
| Options | $0 | $0 | $0 | $0 |
| Mileage | $0 | $0 | $0 | $0 |
| Region | $0 | $0 | $0 | $0 |
| Adjusted | $18,525 | $16,525 | $13,825 | $11,200 |

**Trade In Black Book values as of 11/3/2022**

Exhibit A

https://www.blackbookpricepoint.com/print/?document=LenderSolution　　　1/2

11/3/22, 10:46 AM

Black Book Print Vehicle

Exhibit "A"

|  | X-CL | Clean | Average | Rough |
|---|---|---|---|---|
| Base | N/A | $16,740 | $14,040 | $10,580 |
| Options | N/A | $0 | $0 | $0 |
| Mileage | N/A | $0 | $0 | $0 |
| Region | N/A | $0 | $0 | $0 |
| Adjusted | N/A | $16,740 | $14,040 | $10,580 |

Retail Black Book values as of 11/3/2022

|  | X-CL | Clean | Average | Rough |
|---|---|---|---|---|
| Base | $23,150 | $20,900 | $17,250 | $14,575 |
| Options | $0 | $0 | $0 | $0 |
| Mileage | $0 | $0 | $0 | $0 |
| Region | $0 | $0 | $0 | $0 |
| Adjusted | $23,150 | $20,900 | $17,250 | $14,575 |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

BRANDON R. CAMPBELL,   *

*   CHAPTER 7

DEBTOR.   *

*   CASE NO. 22-58475-JWC

*

*   JUDGE: JEFFERY W. CAVENDER

INDEPENDENT BANK,   *

*   CONTESTED MATTER

Movant.   *

## CERTIFICATE OF SERVICE

This is to certify that I, as attorney for Independent Bank, have served the within and foregoing **Motion for Relief from the Automatic Stay and Waiver of 30-Day Requirement of 11 U.S.C. §362, Notice of Hearing, and Affidavit of Richard Terry** by regular mail, properly addressed with sufficient postage to ensure delivery, to the following:

Brandon Robert Campbell
2965 Judylyn Drive
Atlanta, Ga 30033

A copy of same will be sent electronically to the Debtor's Attorney and Chapter 7 Trustee:

Craig Zander Black, Esq.
Suite 200
5555 Glenridge Connector NE
Atlanta, Ga 30342
cb@craigblacklaw.com

S. Gregory Hayes, Esq.
Suite 555
2964 Peachtree Road
Atlanta, Ga. 30305
ghays@haysconsulting.net

This ___ day of November, 2022

/s/H. Owen Lee
H. OWEN LEE
GA State Bar No. 443345

P.O. Box 1676
Columbus, GA 31902
(706) 576-5152
howenlee@lmlawoffice.net

3